(74 App. Div. 40.)

### PEOPLE ex rel. DECKER v. McCUE et al.

(Supreme Court, Appellate Division, Second Department. June 19, 1902.)

CITIES—STREET IMPROVEMENTS—SPECIAL ASSESSMENTS—OBJECTIONS—NOTICE.
Laws 1889, c. 161, authorized the improvement of Flatbush avenue in the town of Flatbush, and appointment of street and sewer commissioners. Laws 1894, c. 356, annexed the town to Brooklyn, and provided for a board to succeed the board of street and sewer commissioners of Flatbush; and both acts provided for the giving of 10 days' notice for the presentation of objections to assessments for such improvements. Work on the improvements was being carried on at the time of the passage of the Greater New York charter, sections 943 and 944 of which charge the board of assessors with the duty of making all assessments for local improvements other than those required to be confirmed by a court of record, and require 30 days' notice by the board of assessors for presentation of objections to special assessments. Held, that the acts of 1889 and 1894, and not the charter, governed the proceedings, so that 10 days' notice was sufficient.

Certiorari by the people, on relation of Delbert H. Decker, against Edward McCue and others as members of the board of assessors and board of taxes and assessments of New York City. Hearing on return of the writ. Writ dismissed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, and HIRSCHBERG, JJ.

E. M. Bassett, for relator.
James McKeen, for respondents.

GOODRICH, P. J. The relator applies for a writ of certiorari to the board of assessors and the board of taxes and assessments of the city of New York, commanding them to return to this court their

proceedings and decision in an assessment upon real estate in Flat-bush for the improvement of Flatbush avenue from Malbone street to the Flatbush line, the cost of which was about $200,000.

Chapter 161 of the Laws of 1889 authorized such improvements, and also authorized certain officials of Flatbush to appoint five citizens, residents and freeholders of Flatbush, as street and sewer commissioners of that town. These commissioners were authorized to purchase certain franchises of the Flatbush Plank Road Company, and then to alter the lines of Flatbush avenue, to acquire land for that purpose, and to grade, sewer, and improve the avenue, and to issue bonds to pay in the first instance the expense of the improvements. The commissioners were also authorized to fix a district of assessment upon which the assessment should be laid, and to lay the assessment. Under this act the improvements were being made when the town was annexed to the city of Brooklyn by chapter 356 of the Laws of 1894. By section 7 of this act, the mayor and commissioner of city works of the city of Brooklyn, and the supervisor of the town of Flatbush, were constituted a board to succeed to all the powers of the board of street and sewer commissioners of the town of Flatbush, and the expenses of improvements were by them to be charged to a district of assessment to be fixed by them, and levied and collected from the real property in said district in the annual tax levies, beginning with the year 1899, in 10 successive annual installments, with interest at 4 per cent. until the maturity of the bonds. By chapter 641 of the Laws of 1896, the commissioner of city works of the city of Brooklyn was invested with all the rights, powers, and duties of the two preceding boards, and he was authorized to complete the work. Under these acts the work was being carried on at the time of the passage of the Greater New York charter. In 1901, the work having been completed, the board of assessors of the city of New York prepared a map showing the proposed district of assessment, and the amount of the proposed assessment, about $345,000, and gave 10 days' public notice of a meeting to hear objections on May 29th. On request of persons objecting, an adjournment was had to June 24th, and the same was duly advertised. On that day the board met, and heard further argument and adjourned to the 25th. Previously to the last meeting, the board reviewed its action, and examined the district, and on the 25th overruled all objections, and transmitted the list of assessment to the board of revision of assessments, for confirmation, in the belief that such action was lawful under section 944 of the Greater New York charter. On the same day, however, the corporation counsel advised the board of assessors that section 944 did not apply to the situation, and that the duty of confirming the apportionment rested upon the board of assessors, and accordingly the assessment list was, on June 29th, withdrawn from the board of revision by the board of assessors, which confirmed the assessment and transmitted the list and maps to the department of taxes and assessors, showing the installment for the year 1901 for collection in the manner prescribed by chapter 161, Laws 1889, and chapter 356, Laws 1894.

The assessment on Flatbush avenue lots is about $220 for a 20-foot lot, and on the other lots from $40 to $10, and the district embraces a strip of property approximately 2,000 feet on each side of the ave-

nue. The board of taxes and assessments acted upon the list, and imposed the first yearly installment, upon the property within such district, for the year 1901. The relator contends that "the board of assessors did not take such proceedings as give them jurisdiction over the property assessed or the relator," and, if it "obtained jurisdiction over the property assessed, it was devested of jurisdiction to confirm the assessment after objections in writing were presented." This contention seems to be that section 944 of the charter requires that 30 days' notice must be given by the board for the presentation of objections, whereas only 10 days' notice was given in the present proceedings. This section of the charter does not apply to the proceedings in question. We must look to the acts of 1889 and 1894 for the method of conducting the proceedings, and those acts provided for 10, not 30, days' notice. The powers of the original board were by the subsequent acts devolved upon the board of assessors, which was required to carry on the proceedings in the manner provided in the special acts; and the record shows that such course was taken. Consequently, the proceedings, having been pursued by the board of assessors in compliance with the act of 1889 and the acts amendatory thereof, are regular. Section 943 of the charter charges the board of assessors with the duty of making all assessments for local improvements, in any part of the city, other than those required by law to be confirmed by a court of record. As no error appears in any of the proceedings, the writ should be dismissed, with costs.

Writ of certiorari dismissed, with $10 costs and disbursements. All concur.